# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDDIE CHANDLER,

        Plaintiff,

v.                                     Civil Action No. 3:12cv168
                                     Judge Groh

CARTER FRANKLIN ALLEN and
LARRY AMERSON,

        Defendants.

## REPORT AND RECOMMENDATION

On December 20, 2012, the *pro se* plaintiff, an inmate incarcerated at Morgantown FCI in Morgantown, West Virginia, filed a civil rights complaint[1] against the above-named defendants. In the complaint, the plaintiff asserts that the defendants, a police officer and a sheriff in Calhoun County, Alabama, violated his constitutional rights by failing to arresting him without a search warrant and prosecuting him with illegally-obtained evidence. The plaintiff also raises a number of other constitutional violations that he alleges flow from the illegal arrest.

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." In this case, the events giving rise to the plaintiff's cause of action occurred in the Northern District

---

[1]Plaintiff incorrectly filed his complaint as a <u>Bivens</u> action. However, even though he is a federal prisoner, his complaint is actually a civil rights action pursuant to 42 U.S.C. §1983, because it is a suit against state, not federal actors.

of Alabama, and the plaintiff has not alleged any connection between the defendants and this judicial district. Thus, venue is not appropriate in this Court.

Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned recommends that this matter be **TRANSFERRED** to the United States District Court for the Northern District of Alabama for all further proceedings, and that any motions pending at the time of transfer be carried with the case for consideration by the transferee Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by January 17, 2013**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 3, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE