IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

EDDIE CHANDLER,

        Plaintiff,

v.                                       CIVIL ACTION NO. 3:12-CV-168
                                                (JUDGE GROH)
CARTER FRANKLIN ALLEN
and LARRY AMERSON,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on January 3, 2013 [Doc. 8]. In that filing, the magistrate judge recommended that this Court transfer the Plaintiff's 42 U.S.C. §1983 Complaint to the United States District Court for the Northern District of Alabama for all further proceedings.

Pursuant to 28 U.S.C. §636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. §636(b)(1); **Snyder**

***v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of being served with a copy of the same, pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  The docket reflects that service was accepted on January 7, 2013 [Doc. 9].  Objections were thus due by January 24, 2013.[1]

On January 11, 2013, the Plaintiff filed a response to the R & R [Doc. 10].  In his response, the Plaintiff asserted that he "[was] in agreement with the [magistrate judge's] election to transfer the instant action to the United States District Court for the Northern District of Alabama," and that he would "file the same in the Northern District of Alabama."

On February 4, 2013, the Plaintiff filed a complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Northern District of Alabama, containing the same allegations and directed against the same defendants as in the instant Complaint.

**WHEREFORE**, upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 8]**, should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  However, to the extent that the Plaintiff has already filed a complaint in the United States District Court for the Northern District of Alabama, there is no reason for this case to be transferred, and the same may accordingly be **DISMISSED**.

It is so **ORDERED**.

---

[1] *See* Fed. R. Civ. P. 6(d) (three additional days are added to the fourteen provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)).

The Clerk is directed to transmit copies of this Order to all counsel of record and to issue a certified copy to the *pro se* Plaintiff.

**DATED:** April 24, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE